UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TYRONE RONDELL JEFFERSON,
FDOC # 999013,
     Plaintiff,

v.                            Case No. 3:26-cv-3659-MW-ZCB

CHRISTINE NEEL, et al.,
     Defendants.

_____/

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, a prisoner of the Florida Department of Corrections (FDOC) proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983.  (Doc. 1).  Having reviewed the complaint, the Court believes dismissal is warranted because Plaintiff has not accurately disclosed his litigation history despite being required to do so.

The Local Rules for the Northern District of Florida require *pro se* prisoners in civil rights cases to file such cases using the Court-approved complaint form.  *See* N.D. Fla. Loc. R. 5.7(A).  The complaint form requires the disclosure of a prisoner's litigation history.  The form must be signed under penalty of perjury.  The Eleventh Circuit has held that

1

a prisoner's case may be dismissed without prejudice for failing to accurately disclose litigation history on the complaint form. *See McNair v. Johnson*, 143 F.4th 1301, 1307-08 (11th Cir. 2025) (affirming "[d]ismissal without prejudice was an appropriate exercise of the district court's inherent authority to manage its docket and enforce the local rules" where the plaintiff "violated the local rules by failing to disclose his full litigation history, as required by the duly adopted standard complaint form").[1] Dismissal is appropriate, even if the prisoner claims that a misunderstanding caused his failure to accurately disclose his

---

[1] Many unpublished Eleventh Circuit cases say the same thing. *See, e.g.*, *Meeks v. Holmes Corr. Inst.*, No. 25-11309, 2026 WL 1396980, at *5 (11th Cir. May 19, 2026) (affirming dismissal of *pro se* prisoner's complaint for failure to fully disclose litigation history); *Allen v. Santiago*, No. 22-11946, 2023 WL 5745494, at *1 (11th Cir. Sept. 6, 2023) (affirming dismissal of *pro se* plaintiff's case because he failed to disclose all of his relevant prior litigation); *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (stating that "[a] plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal"); *Jones v. Szalai*, 778 F. App'x 847, 848 (11th Cir. 2019) (affirming dismissal of *pro se* plaintiff's case as an appropriate sanction for plaintiff's failing to disclose a prior case on the complaint form); *Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) (affirming dismissal of *pro se* plaintiff's case because he misrepresented the number of cases he had previously filed in the district court); *Wynn v. Postal Serv.*, 735 F. App'x 704, 705 (11th Cir. 2018) (affirming dismissal of *pro se* plaintiff's case after he failed to disclose a habeas action because the habeas action fell "squarely within the complaint form's disclosure requirements").

litigation history.  *See Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal for failure to disclose litigation history and concluding that prisoner's failure was not excused by his claimed misunderstanding of the form).

Here, the complaint form required Plaintiff to disclose information regarding prior civil cases he had filed in state and federal courts.  (Doc. 1 at 8-13).  Question A of the Prior Litigation section asked Plaintiff if he "had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?"  (*Id.* at 9).  Plaintiff answered "No" in response to Question A and disclosed no cases.  (*Id.*).

Question B of the Prior Litigation section asked Plaintiff if he had "filed other lawsuits or appeals in state or federal court dealing with the same facts or issue involved in this case?"  (*Id.* at 10).  Plaintiff answered "No" in response to Question B and disclosed no cases.  (*Id.*).

Question C of the Prior Litigation section asked Plaintiff if he had "filed any other lawsuit, habeas corpus petition, or appeal in state or federal court either challenging your conviction or relating to the

conditions of your confinement?" (*Id.*). Plaintiff answered "No" in response to Question C and disclosed no cases. (*Id.* at 10-12).

At the end of the complaint form, Plaintiff signed his name after the following certification: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." (Doc. 1 at 12-13).

Plaintiff, therefore, certified that—at the time he filed his complaint on April 28, 2026—he had fully disclosed his litigation history.

The Court has researched Plaintiff's litigation history and discovered that he failed to accurately disclose it. The Court's research has revealed that Plaintiff filed at least the following undisclosed appeal before filing his complaint:[2]

- *Jefferson v. State*, Case No. 1D2023-2053, 390 So. 3d 644 (Fla. 1st DCA July 18, 2024) (postconviction appeal of order denying Plaintiff's Fla. R. Crim. P. 3.850 motion for postconviction relief in Case No. 2017CF201 (Baker Cnty. Cir. Ct.)).[3]

---

[2] *See* Fed. R. Evid. 201(b)-(c); *see also Nute v. White*, 152 F.4th 1311, 1316 (11th Cir. 2025) (taking judicial notice of online state court records).
[3] *See also* Case No. 1D2023-2053 (Fla. 1st DCA) (Docket Entry dated Sept. 29, 2023) (showing Plaintiff's name "Tyrone Rondell Jefferson" and noting the appeal concerned the denial of Plaintiff's Rule 3.850 motion);

Because this undisclosed action was an "appeal in state . . . court either challenging [Plaintiff's] conviction or relating to the conditions of [his] confinement[,]" it should have been disclosed in response to Question C. (Doc. 1 at 10-12).  But Plaintiff failed to reference it anywhere in his complaint.

The prior litigation portion of the complaint form serves important purposes.  First, it permits efficient consideration of whether the prisoner is entitled to pursue the current action under the Prison Litigation Reform Act's "three strikes" provision.  Second, it allows the Court to determine whether an action is related to, or otherwise should be considered in conjunction with, another lawsuit.  Third, it enables the Court to determine whether any issues raised in the current action have been previously decided by another judge.  These purposes are thwarted,

---

Case No. 2017CF201 (Baker Cnty. Cir. Ct.) (Docs. 171 to 174, 182 to 184); https://pubapps.fdc.myflorida.com/offenderSearch/detail.aspx?Page=Detail&DCNumber=999013&TypeSearch=AI   (showing   "Tyrone   R. Jefferson" with FDOC inmate number "999013" was convicted in Baker County Case No. 1700201).  Plaintiff here similarly identifies himself as "Tyrone Rondell Jefferson" with FDOC inmate number "999013" in the complaint here.  (Doc. 1 at 1).  Thus, it is apparent that these individuals are the same person.

and the efficiency of the judicial system diminished, when a prisoner misstates his litigation history on the complaint form.

Plaintiff's *pro se* status does not excuse him from following the rules, including the requirement that litigants be truthful with the Court. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (stating that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant"). The undersigned agrees with another judge on this Court who stated the following: "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose. And word does get around the prisons." *Rodriguez v. Inch*, No. 4:19cv191, 2020 WL 3050231, at *1 (N.D. Fla. June 7, 2020) (Hinkle, J.); *see also Strickland*, 739 F. App'x at 588 ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources.").

As detailed above, Plaintiff misstated his prior litigation history on the complaint form. Consistent with the Eleventh Circuit precedent previously cited, this matter should be dismissed without prejudice.[4] *See McNair*, 143 F.4th at 1307-08 (affirming dismissal without prejudice where *pro se* prisoner failed to accurately disclose his litigation history as required by the Court-approved complaint form and the Local Rules); *Butler v. Mathis*, No. 5:23cv240, 2025 WL 1298750, at *2-4 (N.D. Fla. Apr. 7, 2025) (granting motion to dismiss for failure to disclose full litigation history where prisoner omitted two postconviction appeals under Fla. R. Crim. P. 3.800 and 3.850, respectively), *adopted*, 2025 WL 1296174 (N.D. Fla. May 5, 2025); *see also* N.D. Fla. Loc. R. 41.1 (allowing the Court to dismiss claims for a party's failure to comply with an applicable rule or order).

Accordingly, it is respectfully **RECOMMENDED** that:

---

[4] Providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit would be an inadequate sanction. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940-41 (11th Cir. 2010) (holding that district court did not abuse its discretion by not providing a prisoner with an opportunity to amend his complaint to disclose lawsuits that should have been disclosed initially); *see also Rodriguez*, 2020 WL 3050231, at *1 (stating that "dismissal without prejudice is not too severe a sanction" for failing to accurately disclose litigation history).

1.    This case be **DISMISSED without prejudice**[5] under the Court's inherent power to manage its docket and enforce the Local Rules, based on Plaintiff's failure to truthfully disclose his litigation history.

2.    The Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 26th day of June 2026.

/s/ *Zachary C. Bolitho*

Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

---

[5] *See McNair*, 143 F.4th at 1306 ("A district court will rarely be found to have abused its discretion in dismissing without prejudice because the plaintiff is ordinarily permitted to simply refile."). It bears mentioning that Plaintiff's allegations begin on February 21, 2025. (Doc. 1 at 14). Thus, the statute of limitations will not bar Plaintiff re-filing this action so long as he does so in a timely manner. *See Doe as Next Friend of Doe #6 v. Swearingen*, 51 F.4th 1295, 1302-03 (11th Cir. 2022) ("The statute of limitations for a Section 1983 claim is governed by the forum state's residual personal injury statute of limitations. In Florida . . . such an action must be commenced within four years." (cleaned up)).